LYNN M. DEAN (Cal. Bar No. 205562)
Email: deanl@sec.gov
KATHRYN WANNER (Cal. Bar No. 269310)
Email: wannerk@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Director
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

**F I L E D**
CLERK, U.S. DISTRICT COURT

12/21/2020

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ eva _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JUSTIN ROBERT KING; AND ELEVATE INVESTMENTS LLC,<br><br>Defendants,<br><br>SHANNON LEIGH KING,<br><br>Relief Defendant. | Case No.   8:20-cv-02398 JVS (DFMx)<br><br>**COMPLAINT**<br><br>**(FILED UNDER SEAL)** |

Plaintiff Securities and Exchange Commission ("SEC") alleges:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to Sections 20(b), 20(d)(1) and 22(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77t(b), 77t(d)(1) & 77v(a), Sections 21(d)(1), 21(d)(3)(A), 21(e) and 27(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78u(d)(1), 78u(d)(3)(A), 78u(e) & 78aa(a), and Sections 209(d), 209(e)(1) and 214 of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-9(d), 80b-9(e)(1) & 80b-14.

2.      Defendants have, directly or indirectly, made use of the means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange in connection with the transactions, acts, practices and courses of business alleged in this complaint.

3.      Venue is proper in this district pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a), and Section 214 of the Advisers Act, 15 U.S.C. § 80b-14, because certain of the transactions, acts, practices and courses of conduct constituting violations of the federal securities laws occurred within this district.  In addition, venue is proper in this district because Defendant Justin Robert King and Relief Defendant Shannon Leigh King reside in this district.

### SUMMARY

4.      Defendants Justin Robert King ("King") and Elevate Investments, LLC ("Elevate") (collectively "Defendants") are conducting an ongoing offering fraud, in violation of the federal securities laws.  Since June 2019, King and Elevate have offered interests in the Elevate Investment Fund (the "Fund"), raising at least $7.4 million from investors.  However, no such legal entity exists; investor money is in reality held in brokerage and bank accounts in the name of King, his wife Shannon King ("S. King") and/or Elevate.

1

5.      In offering and selling investments in the Fund, King and Elevate are making materially false and misleading statements on Elevate's publicly-accessible website.  First, Elevate's website states that King's trading has historically resulted in profits for his clients year after year, including a 61% return for all of his clients' accounts from June 2019 through June 2020.  In fact, King's trading, across all known accounts associated with him, has resulted in substantial losses year after year, including $3.8 million in trading losses from June 2019 through June 2020.  In addition, Elevate's website lists certain "Trusted Providers," including broker-dealers TD Ameritrade and Interactive Brokers.  In fact, TD Ameritrade closed King's and Elevate's accounts in July and August 2020, respectively, and King and Elevate have never had accounts at Interactive Brokers.

6.      In addition, Defendants are dissipating Fund assets.  In just the three months from September through November 2020, King and Elevate raised $1.87 million from investors and suffered trading losses of $532,232.  Additionally, in the same period, King transferred $298,000 to Relief Defendant S. King's bank account.  On December 1, 2020, King transferred an additional $100,000 to S. King's account.

7.      By engaging in this conduct, Defendants have violated and continue to violate the antifraud provisions of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a); and Section 206(4) of the Advisers Act, 15 U.S.C. §§ 80b-6(4), and Rule 206(4)-8, 17 C.F.R. §275.206(4)-8.  The SEC seeks a Temporary Restraining Order prohibiting Defendants King and Elevate from committing violations of the antifraud provisions of the federal securities laws, and for orders freezing assets, requiring accountings, prohibiting the destruction of documents, granting expedited discovery, and appointment of a temporary receiver over Defendant Elevate.  In addition, the SEC applies for an Order to Show Cause Re Preliminary Injunction and Appointment of a Permanent Receiver, a finding that Defendants violated the federal securities laws, the imposition of permanent

injunctions, disgorgement with prejudgment interest, and civil penalties.

## DEFENDANTS

8.     **Justin Robert King**, age 40, is a resident of San Juan Capistrano, California.  King is the founder and president of Elevate and controls its brokerage and bank accounts.  Prior to forming Elevate, King traded securities for at least one other pooled investment vehicle and three other clients and ran an auto glass replacement company.  King has never held any securities licenses, been registered with the Commission in any capacity, or been associated in any capacity with a registered broker-dealer or investment adviser.  In 2012, King was twice charged with felony heroin possession in two separate incidences, and in 2013, he pleaded guilty to two felony counts of possession of a narcotic drug and was sentenced to three years' probation.  In addition, King was found guilty of felony assault in 2004 and found guilty of felony possession of marijuana with intent to deliver and money laundering in 2000.

9.     **Elevate Investments LLC** is a Wyoming limited liability company with its principal place of business purportedly in Sheridan, Wyoming.  On August 15, 2020, Elevate filed a Form D with the SEC for a $100 million securities offering exempt from registration under Securities Act Rule 506(c).

## RELIEF DEFENDANT

10.     **Shannon Leigh King**, age 38, is a resident of San Juan Capistrano, California.  S. King is King's wife.  Elevate's website does not have any disclosure that S. King is in any way affiliated with Elevate, nor is S. King disclosed in the applications for Elevate's brokerage accounts as an affiliate of Elevate.

## FACTS

### A.     The Offering

11.     Since June 2019, King and Elevate have been conducting a $100 million securities offering through a fund called Elevate Investment Fund LLC (the "Fund").  In an August 15, 2019 Form D filed with the SEC, Elevate and King said that the

3

offering was being conducted pursuant to Securities Act Rule 506(c).  As of
November 30, 2020, King and Elevate had raised at least $7.4 million from investors.

12.    Elevate has a publicly-accessible website that identifies King as
Elevate's founder and President.  King's photograph appears on the website.  No
other persons are identified as employees or affiliates.

13.    Elevate's publicly-accessible website states that "Elevate Investment
Fund, LLC" is a "Master Fund" domiciled in Wyoming.  In fact, there is no legal
entity with the name "Elevate Investment Fund" formed under the laws of Wyoming
or any other state.  Instead, Elevate and King are depositing money raised from
investors into brokerage and bank accounts controlled by King that are in the name of
King, Elevate, or S. King.

14.    Elevate's website also indicates that Elevate and King will invest the
Fund's money pursuant to an "Optimum Income Strategy," which is a "hybrid style
which amalgamates managed futures, long/short equity, covered option writing, and
market neutral characteristics producing a low volatility, high yield, uncorrelated
return stream."

15.    The website also states that Elevate will receive a performance fee for its
managing the Fund.  Specifically, the website states that Elevate "does not charge any
fees for AUM [Assets Under Management]" and receives a performance fee "only …
after [the investors] have made a 10% return on [their] investment[s]."  The website
further provides an example of Elevate's fee structure:  if the Fund "performs 30%,"
20% will go to the investor and 10% to "management."

**B.    King and Elevate's Materially False Statements**

16.    In offering and selling investments in the Fund, Elevate and King make
three materially false and misleading statements regarding the Fund, Elevate, and
King.

17.    First, Elevate's website states that Elevate "delivered a 61% percent
return" for all clients under its management from its inception in June 2019 through

June 2020, "compared to -8% for that of its S&P 500 benchmark." The website also touts a return of over $600,000 on an investment of $1 million.

18.    During the period from June 2019 through June 2020, King and Elevate did manage five brokerage accounts in the names of themselves and affiliates and/or clients. The accounts primarily engaged in short term options trading. However, contrary to the touted 61% return, King's trading resulted in realized losses in every account, with losses totaling over $3.8 million, as shown on the chart below:

| Time Period | Elevate | King & S. King | Opulent, LLC | Z Partners | Individual J | Total |
|---|---|---|---|---|---|---|
| June 1, 2019 – December 31, 2019 | $(1,917,954) | $(113,274) | $(72,820) | $(45,232) | $(13,173) | $(2,162,453) |
| January 1, 2020- June 30, 2010 | $(1,407,041) | $(247,294) | | $(21,741) | $(23,304) | $(1,699,380) |
| Totals | $(3,324,995) | $(360,567) | $(72,820) | $(66,973) | $(36,477) | $(3,861,834) |

19.    Second, Elevate's website touts King's trading skills and results. Specifically, the website states: "King's extensive knowledge of the stock market is what sets his company apart from the others. His in-depth evaluations, charting, technical analysis and understanding of the market has made him one of the most successful traders in the industry. Whether it is a bull or bear market, due to his trading style, [King] has continually made a profit for his clients year after year."

20.    Although King has managed brokerage accounts for himself and others, he has never achieved the returns touted on the Elevate website. Since 2016, King has Hd trading authority over at least eight brokerage accounts at TD Ameritrade ("TDA") and Charles Schwab & Co. ("Schwab"). In one additional account at Schwab held in his wife's name, King did not have express trading authority, but it appears he made the trades because the trading is consistent with King's trading in the other accounts.

21.    King's trading resulted in significant realized losses year after year for all of the accounts he has controlled since 2016, as shown in the following chart:

| Broker-Dealer | Account | 2016 | 2017 | 2018 | 2019 | 2020 | Total |
|---|---|---|---|---|---|---|---|
| TDA | Z Partners | | $(85,137) | $(40,332) | $(28,176) | $(19,668) | $(173,313) |
| TDA | Individual C | | $(17,760) | $(61,561) | $(37) | | $(79,358) |
| TDA | Individual J | | | $(84,673) | $(302) | $(23,368) | $(108,343) |
| TDA | Opulent | | | $(323,279) | $(106,323) | | $(429,602) |
| TDA | Elevate | | | | $(1,917,954) | $(1,503,020) | $(3,420,974) |
| TDA | King & S. King | $(4,323) | $(140,995) | $(648,429) | $(70,252) | $(300,716) | $(1,164,715) |
| Schwab | King | | | | | $(403,428) | $(403,428) |
| Schwab | Elevate | | | | | $(145,230) | $(145,230) |
| Schwab | S. King | | | | | $(10,628) | $(10,628) |
| | Total | | | | | | $(5,935,591) |

22.	Third, Elevate's website touts its affiliation with well-known securities industry participants by stating that its "Trusted Providers" include TD Ameritrade, Charles Schwab, Interactive Brokers, and NinjaTrader.  In fact, TD Ameritrade closed Elevate's and King's accounts in July and August 2020.  Interactive Brokers has received account applications from Elevate and King but has not approved the opening of any accounts.  NinjaTrader has no record of any business relationship with King or Elevate.

23.	 Defendants' false and misleading statements to investors are material. A reasonable investor would have considered it important to know that the Fund was not paying 61% rates of return, that King was not the successful money manager the Elevate website held him out to be, and that Elevate did not have relationships with reputable brokerage firms.

24.	King and Elevate are the makers of the statements on the Elevate website because King is the founder and president of Elevate, and the website represents him to be such.

**C.	Defendants Engaged in a Fraudulent Scheme**

25.	In addition to making material misrepresentations to investors, Defendants are engaged in a fraudulent scheme.  First, Defendants are soliciting investors to invest in the Fund, when no such entity exists, and all investor funds are

6

being deposited into brokerage accounts in King's name and Elevate's name.  King opened Elevate's Schwab brokerage account under the name of "Elevate Investments LLC" but opened the account as a sole proprietorship account and represented in the account application that he would use the account for his investments and those of his relatives.

26.     Second, Defendants are transferring investor funds to accounts controlled by the Kings.  Since June 2019, King has transferred from the King and Elevate brokerage accounts $1.2 million to bank accounts affiliated with the Kings.  Under the terms of the offering as disclosed on Elevate's website, neither King nor S. King has any legitimate claim to these funds.

**D.     Defendants' Fraud is Ongoing**

27.     King and Elevate continue to raise funds from investors.  In the three months from September through November 2020, King and Elevate have raised $1.87 million from investors.  During the same period, King and Elevate suffered $532,232 in trading losses.

28.     Despite suffering these losses, King transferred $298,000 to bank accounts in S. King's name.  King transferred an additional $100,000 to S. King's bank account on December 1, 2020.

**E.     Elevate and King Are Investment Advisers to a Pooled Investment Vehicle**

29.     Elevate and King are investment advisers to the Fund.

30.     King and Elevate hold the Fund out to be engaged in the business of investing in securities, thus, it was a pooled investment vehicle as defined in Advisers Act Rule 206(4)-8(b), 17 C.F.R. § 275.206(4)-8(a).

31.     Elevate is advising the Fund on investing in securities.  In addition, Elevate's website states that it receives compensation from the Fund equal to 50% of the Fund's profits above 10%.

32.     King also meets the definition of an investment adviser.  King provides

investment advice to the Fund in that he has the trading authority over his and Elevate's brokerage accounts and is prominently featured in Elevate's website as the person who is trading for the Fund.  He also receives compensation in that he has transferred investor funds to bank accounts held by himself, his wife S. King, or companies he controls.

**F.    Defendants Acted With a High Level of Scienter, or in the Alternative, were Negligent**

33.    King acted with a high level of scienter.

34.    King knew, or acted recklessly in not knowing, that the representations he made to investors in the Fund about his skills and past rates of return, and Elevate's relationships with brokerage firms, and were materially false and misleading.

35.    In addition, King's conduct was negligent.  As an investment adviser and fiduciary, King's conduct was a departure from the ordinary standard of care expected of a fiduciary.  King's conduct in offering and selling securities issued by Elevate, while misrepresenting Elevate's rates of return and relationships with trusted brokers, and his skill as an investment adviser, was a departure from the ordinary standard of care of a person offering and selling securities.

36.    King's state of mind is imputed to Elevate because he controls it.

**FIRST CLAIM FOR RELIEF**

**Fraud in the Connection with the Purchase and Sale of Securities**

**Violations of Section 10(b) of the Exchange Act and Rule 10b-5**

**(against all Defendants)**

37.    The SEC realleges and incorporates by reference paragraphs 1 through 36 above.

38.    As set forth above, Defendants King and Elevate made several material misrepresentations, and omitted material information, to Elevate investors, including the historical rate of return of the Fund, King's track record as a money manager, and

the relationship between Elevate and various brokerages.

39.     In addition, Defendants King and Elevate engaged in a scheme to defraud whereby they induced investors to investors to invest in the Fund, but placed Fund assets into accounts under their names and then transferred those assets to accounts controlled by King and S. King.

40.     By engaging in the conduct described above, Defendants King and Elevate, directly or indirectly, in connection with the purchase or sale of a security, and by the use of means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange:  (a) employed devices, schemes, or artifices to defraud; (b) made untrue statements of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon other persons.

41.     By engaging in the conduct described above, Defendants King and Elevate violated, and unless restrained and enjoined will continue to violate, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5(b) thereunder, 17 C.F.R. § 240.10b-5(b).

## SECOND CLAIM FOR RELIEF

### Fraud in the Offer or Sale of Securities

### Violations of Sections 17(a) of the Securities Act

### (against All Defendants)

42.     The SEC realleges and incorporates by reference paragraphs 1 through 36 above.

43.     By engaging in the conduct described above, Defendants King and Elevate obtained money or property by means of false statements to investors in connection with the offer or sale of investments in the Fund, and omitted to disclose material information about Elevate and King.

44.     In addition, Defendants King and Elevate engaged in a scheme to defraud whereby they induced investors to investors to invest in the Fund, but placed Fund assets into accounts under their names and then transferred those assets to accounts controlled by King and S. King.

45.     By engaging in the conduct described above, Defendants King and Elevate, directly or indirectly, in the offer or sale of securities by the use of means or instruments of transportation or communication in interstate commerce or by use of the mails (a) employed devices, schemes, or artifices to defraud; (b) obtained money or property by means of untrue statements of a material fact or by omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (c) engaged in transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon the purchaser.

46.     Defendants King and Elevate, with scienter, obtained money or property by means of untrue statements of material fact or by omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.  In the alternative, Defendants King and Elevate were negligent.

47.     By engaging in the conduct described above, Defendants King and Elevate violated, and unless restrained and enjoined will continue to violate, Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## THIRD CLAIM FOR RELIEF

### Fraud Involving a Pooled Investment Vehicle

### Violations of Section 206(4) of the Advisers Act and Rule 206(4)-8

### (Against All Defendants)

48.     The SEC realleges and incorporates by reference paragraphs 1 through 36 above.

49.     Defendant King and Elevate, by engaging in the conduct described

10

above, while acting as an investment adviser to a pooled investment vehicle, directly or indirectly, by use of the mails or means or instrumentalities of interstate commerce:

> (a)     made untrue statements of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which there were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; and

> (b)     engaged in acts, practices, or courses of business that were fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

**50.**     Specifically, King and Elevate provided investors in the Fund with materially false and misleading information about the historical performance of the Fund and other accounts under King's management, and about Elevate's relationships with brokerage firms.

51.     In his role as Elevate's owner and president, King's failure to exercise reasonable care, and his knowledge and recklessness, are imputed to Elevate.

**52.**     By engaging in the conduct described above, King and Elevate violated, and unless restrained and enjoined will continue to violate, Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8(a) [17 C.F.R. § 275.206(4)-8(a)].

## **PRAYER FOR RELIEF**

WHEREFORE, the SEC respectfully requests that the Court:

### I.

Issue findings of fact and conclusions of law that Defendants committed the alleged violations.

### II.

Issue, in a form consistent with Fed. R. Civ. P. 65, a temporary restraining order and an order to show cause why a preliminary injunction should not be entered,

temporarily and preliminarily enjoining Defendants from violating Section 10(b) of the Exchange Act [15 U.S.C. §§ 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], Section 17(a) of the Securities Act [15 U.S.C. §77q(a)], Section 206 (4) of the Advisers Act [15 U.S.C. §§ 15 U.S.C. § 80b-6(4)] and Rule 206(4)-8(a) [17 C.F.R. § 275.206(4)-8(a)], freezing the funds and assets of Defendants and Relief Defendant; prohibiting Defendants and Relief Defendant from destroying documents; ordering an accounting by Defendants and Relief Defendant; ordering expedited discovery; and appointing a temporary and permanent receiver over Elevate.

### III.

Issue judgments, in forms consistent with Rule 65(d) of the Federal Rules of Civil Procedure, permanently enjoining the Defendants, and their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of the judgment by personal service or otherwise, and each of them, from violating Section 10(b) of the Exchange Act [15 U.S.C. §§ 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], Section 17(a) of the Securities Act [15 U.S.C. §77q(a)], and Section 206(4) of the Advisers Act [15 U.S.C. §§ 15 U.S.C. § 80b-6(4)] and Rule 206(4)-8(a) [17 C.F.R. § 275.206(4)-8(a)].

### IV.

Order Defendants to disgorge all funds received from their illegal conduct, together with prejudgment interest thereon.

### V.

Order Relief Defendant to disgorge all funds improperly transferred to her by Defendants.

### VI.

Order Defendants to pay civil penalties under Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], and Section 209(e)(1) of the Advisers Act [15 U.S.C. § 80b-9(e)(1)].

1

**VII.**

2        Retain jurisdiction of this action in accordance with the principles of equity and

3 the Federal Rules of Civil Procedure in order to implement and carry out the terms of

4 all orders and decrees that may be entered, or to entertain any suitable application or

5 motion for additional relief within the jurisdiction of this Court.

6

**VIII.**

7        Grant such other and further relief as this Court may determine to be just and

8 necessary.

9

10 Dated:  December 21, 2020         */s/ Lynn M. Dean*

11                                    Lynn M. Dean

12                                    Kathryn Wanner

                                   Attorneys for Plaintiff

13                                    Securities and Exchange Commission

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28