**SMILEY WANG-EKVALL, LLP**
Kyra E. Andrassy, State Bar No. 207959
*kandrassy@swelawfirm.com*
Timothy W. Evanston, State Bar No. 319342
*tevanston@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone: 714 445-1000
Facsimile: 714 445-1002

Proposed Counsel for Jeffrey Brandlin,
Temporary Receiver

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN ROBERT KING; AND ELEVATE INVESTMENTS LLC,<br><br>Defendants,<br><br>SHANNON LEIGH KING,<br><br>Relief Defendant. | Case No. SACV20-02398-JVS(DFMx)<br><br>**STATUS REPORT OF TEMPORARY RECEIVER IN CONNECTION WITH THE ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE AND A PERMANENT RECEIVER APPOINTED**<br><br>Date: January 11, 2020<br>Time: 9:00 a.m.<br><br>Judge: James V. Selna |

**TO THE HONORABLE JAMES V. SELNA, UNITED STATES DISTRICT JUDGE:**

In his capacity as the temporary receiver and in connection with the order to show cause why a preliminary injunction should not be granted and why Jeffrey Brandlin should not be appointed as the permanent receiver, Jeffrey Brandlin (the "Receiver") submits this status report to apprise the Court of the status of the receivership and the Receiver's initial findings.

Immediately after being notified of his appointment on December 28, 2020, the Receiver and his proposed counsel went to the office location for

Elevate Investments, LLC, located at 501 N. El Camino Real, Suite 226, San Clemente, CA.  The office is located within an executive suite and consists of one room.  The Receiver gained access to the office and, because the building manager had given Justin King notice of the Receiver's presence, was soon met by Justin and Shannon King.  While the Receiver surveyed the office, counsel for the Receiver had a phone call with an attorney who said that he was representing Elevate.  The Kings were on the call.  Counsel for the Receiver explained the purpose of the receivership and the scope of the duties of the Receiver and answered questions about what could be expected.

The Receiver was able to get some information from Mr. King, including usernames and passwords for the computer and the iPad, the different web-based programs used by Elevate, and Elevate's Gmail account.  The Receiver and his counsel then changed the passwords in order to ensure that Mr. King was no longer able to access the data or the accounts.  The Receiver had the computer imaged and is in the process of reviewing the data that was retrieved in order to identify investors, creditors, and potential assets, and to understand how Elevate communicated with investors and solicited new investments.  The Receiver has a preliminary list of potential investors and, if he is appointed as the permanent receiver, will give them notice of the appointment of the Receiver and direct them to the website that the Receiver is establishing in order to communicate with investors.  The Receiver changed the lock to the office and has redirected Elevate's mail to the Receiver's office.

The temporary restraining order identified four different accounts in the name of Elevate and its affiliates that were located at two different financial institutions.  Concurrent with gaining control of the office, the Receiver's team gave notice to the financial institutions of his appointment and the

order freezing of the accounts.  The Receiver also requested all documents for those accounts in order to prepare a forensic accounting to determine what money came into Elevate and where it went.  The Receiver's priority was with Elevate's account at Charles Schwab, because the account held some options in derivate investments.  The Receiver had a phone call with representatives from Charles Schwab in order to understand the investments and to determine the best way to minimize any further loss to the receivership estate.  The Receiver instructed Charles Schwab to sell and liquidate the positions that remained and is waiting for an update from Charles Schwab.  The Receiver is not yet in possession of any funds but has requested their turnover.  The Receiver also removed the documents located in the office and has reviewed them and made electronic copies of those records and provided copies to the SEC.  The Receiver is also in the process of opening bank accounts for the receivership estate and obtaining an EIN from the IRS.

The Receiver and his counsel have started their review of Elevate's communications with its clients, and the information obtained so far is consistent with the allegations made by the SEC in the pleadings it filed in connection with the temporary restraining order that led to the freezing of the

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

defendants' assets and the appointment of the Receiver.

DATED: January 7, 2021          Respectfully submitted,

SMILEY WANG-EKVALL, LLP


By:  /s/ Kyra E. Andrassy
KYRA E. ANDRASSY
Proposed counsel for Jeffrey Brandlin,
Temporary Receiver

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.

On **1/7/2021**, I served true copies of the following document(s) described as

**STATUS REPORT OF TEMPORARY RECEIVER IN CONNECTION WITH THE ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE AND A PERMANENT RECEIVER APPOINTED**

on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

**(X) (BY COURT VIA NOTICE OF ELECTRONIC FILING ("NEF").** Pursuant to United States District Court, Central District of California, Local Civil Rule 5-3, the foregoing document will be served by the court via NEF and hyperlinked to the document. On **1/7/2021**, I checked the CM/ECF docket for this case and determined that the aforementioned person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated.

**(X) (BY MAIL).** I enclosed the document(s) in a sealed envelope or package and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Smiley Wang-Ekvall, LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Costa Mesa, California.

**( ) (BY E-MAIL).** By scanning the document(s) and then e-mailing the resultant pdf to the e-mail address indicated above per agreement. Attached to this declaration is a copy of the e-mail transmission.

**( ) (BY FACSIMILE).** I caused the above-referenced documents to be transmitted to the noted addressee(s) at the fax number as stated. Attached to this declaration is a "TX Confirmation Report" confirming the status of transmission. Executed on _____, at Costa Mesa, California.

**( )  STATE** I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

**(X) FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 7, 2021, at Costa Mesa, California.         /s/ *Lynnette Garrett*
                                                                                                    Lynnette Garrett

**SERVICE LIST**

**BY COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**

- **Lynn M Dean**
  deanl@sec.gov,LAROFiling@sec.gov,delgadilloj@sec.gov,longoa@sec.gov,irwinma@sec.gov
- **Kathryn C Wanner**
  wannerk@sec.gov,simundacc@sec.gov,irwinma@sec.gov

**BY MAIL:**

Justin and Shannon King
26500 Paseo Infinita
San Juan Capistrano, CA 92675