1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. SACV 20-02398 JVS (DFMx) |
| Plaintiff, | **PRELIMINARY INJUNCTION AND APPOINTMENT OF A PERMANENT RECEIVER** |
| vs. | |
| JUSTIN ROBERT KING; AND ELEVATE INVESTMENTS LLC, | |
| Defendants, | |
| SHANNON LEIGH KING, | |
| Relief Defendant. | |

1    This matter came before the Court upon the Motion of Plaintiff Securities and

2  Exchange Commission ("SEC") for a Preliminary Injunction Orders Freezing Assets;

3  Appointing a Permanent Receiver.

4    On December 28, 2020, this Court granted the SEC's application for a

5  temporary restraining order ("TRO") and set the matter for a hearing on the request

6  for preliminary injunctive relief.  The Court held that hearing today, and based on the

7  arguments of counsel and the papers filed in support of the Motion the Court makes

8  the following findings:

9    A.    This Court has jurisdiction over the parties to, and the subject matter of,

10          this action.

11   B.    The SEC has made a sufficient and proper showing in support of the

12          relief granted herein, as required by Section 20(b) of the Securities Act

13          of 1933 ("Securities Act") (15 U.S.C. s 77t(b)), Section 21(d) of the

14          Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. §

15          78u(b)), and Section 209(d) of the Investment Advisers Act of 1940

16          ("Advisers Act") (15 U.S.C. §§ 80b-9(d)), by evidence establishing a

17          *prima facie* case and reasonable likelihood that Justin Robert King

18          ("King") and Elevate Investments LLC ("Elevate") engaged in, are

19          engaging in, are about to engage in, and will continue to engage in

20          unless restrained transactions, acts, practices and courses of business that

21          constitute violations of Section 17(a) of the Securities Act, 15 U.S.C.

22          § 77q(a); Section 10(b) of the Securities Exchange Act, 15 U.S.C. §

23          78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; and Section

24          206(4) of the Advisers Act, 15 U.S.C. §§ 80b-6(4) and Rule 206(4)-8, 17

25          C.F.R. § 275.206(4)-8(a).

26   C.    Good cause exists to warrant the appointment of a permanent receiver

27          over Elevate and its subsidiaries and affiliates.

28   D.    Good cause exists to believe that, unless restrained and enjoined by

1

order of this Court, Defendants King and Elevate and Relief Defendant Shannon Leigh King ("S. King") will dissipate, conceal, or transfer assets which could be the subject to an order directing disgorgement or the payment of civil money penalties in this action.  It is appropriate for the Court to issue this Preliminary Injunction so that prompt service on appropriate financial institutions can be made, thus preventing the dissipation of assets.

## I.

IT IS HEREBY ORDERED that the SEC's Motion is GRANTED.

## II.

IT IS FURTHER ORDERED that Defendants King and Elevate and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

A. employing any device, scheme or artifice to defraud;

B. obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

C. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers,

2

1  agents, servants, employees, and attorneys; and (b) other persons in active concert or

2  participation with any of the Defendants or with anyone described in (a).

3                                                                          **III.**

4          IT IS FURTHER ORDERED that Defendants King and Elevate, and their

5  officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those

6  persons in active concert or participation with any of them, who receive actual notice

7  of this Order, by personal service or otherwise, and each of them, be and hereby are

8  preliminarily restrained and enjoined from, directly or indirectly, in connection with

9  the purchase or sale of any security, by the use of any means or instrumentality of

10  interstate commerce, or of the mails, or of any facility of any national securities

11  exchange:

12          A.      employing any device, scheme or artifice to defraud;

13          B.      making any untrue statement of a material fact or omitting to state a

14                  material fact necessary in order to make the statements made, in the light

15                  of the circumstances under which they were made, not misleading; or

16          C.      engaging in any act, practice, or course of business which operates or

17                  would operate as a fraud or deceit upon any person;

18  in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5

19  thereunder, 17 C.F.R. § 240.10b-5.

20          IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil

21  Procedure 65(d)(2), the foregoing paragraph also binds the following who receive

22  actual notice of this Order by personal service or otherwise: (a) Defendants' officers,

23  agents, servants, employees, and attorneys; and (b) other persons in active concert or

24  participation with any of the Defendants or with anyone described in (a).

25                                                                          **IV.**

26          IT IS FURTHER ORDERED that Defendants King and Elevate, and their

27  officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those

28  persons in active concert or participation with any of them, who receive actual notice

of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from directly or indirectly, by the use of the mails or any means or instrumentality of interstate commerce, while acting as an investment adviser to a pooled investment vehicle:

      A.     making any untrue statement of a material fact or omitting to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle;

      B.     engaging in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in a pooled investment vehicle;

in violation of Section 206(4) of the Advisers Act, 15 U.S.C. § 80b-6(4), and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants King and Elevate and Relief Defendant S. King, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliate, and those persons in active concert with them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or

1  personal property, including any notes or deeds of trust or other interest in real

2  property, wherever located, of any one of the Defendants or Relief Defendant, or their

3  subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or

4  custody of any of them and from transferring, encumbering dissipating, incurring

5  charges or cash advances on any debit or credit card of the credit arrangement of any

6  one of the Defendants or Relief Defendant, or their subsidiaries and affiliates.

## VI.

8      IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, a

9  freeze shall continue on all monies and assets (with an allowance for necessary and

10  reasonable living expenses to be granted only upon good cause shown by application

11  to the Court with notice to and an opportunity for the SEC to be heard) in all accounts

12  at any bank, financial institution or brokerage firm, or third-party payment processor,

13  all certificates of deposit, and other funds or assets, held in the name of, for the

14  benefit of, or over which account authority is held by Defendants and Relief

15  Defendant, including but not limited to the accounts listed below:

| BROKERAGE/ BANK NAME | ACCOUNT NAME | ACCOUNT NO. |
|---|---|---|
| Charles Schwab & Co. | Elevate Investments | xxxx-6211 |
| Charles Schwab & Co. | Justin Robert King | xxxx-5708 |
| Charles Schwab & Co. | Shannon King | xxxx-4019 |
| JPMorgan Chase Bank | Elevate Investments LLC | xxxx8157 |
| JPMorgan Chase Bank | Area Auto Glass LLC | xxxx8687 |
| JPMorgan Chase Bank | Shannon King and/or Justin King | xxxx8635 |
| JP Morgan Chase Bank | Arizona Investment Kings | xxxx3592 |
| Comerica Bank | Justin and Shannon King | xxxx1361 |

Any bank, financial institution or brokerage firm, or third-party payment

5

1 processor holding such monies and assets described above shall hold and retain

2 within their control and prohibit the withdrawal, removal, transfer or other disposal of

3 any such funds or other assets except as otherwise ordered by this Court.

**VII.**

5     IT IS FURTHER ORDERED that any person who receives actual notice of this

6 Order by personal service or otherwise, and who holds, possesses or controls assets

7 exceeding $5,000 for the account or benefit of any one of the Defendants or Relief

8 Defendant, shall within 5 days of receiving actual notice of this Order provide

9 counsel for the SEC with a written statement identifying all such assets, the value of

10 such assets, or best approximation thereof, and any account numbers or account

11 names in which the assets are held.

**VIII.**

13     IT IS FURTHER ORDERED that, except as otherwise ordered by this Court,

14 each of the Defendants King and Elevate and Relief Defendant S. King, and their

15 officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those

16 persons in active concert or participation with any of them, who receive actual notice

17 of this Order, by personal service or otherwise, and each of them, be and hereby are

18 preliminarily restrained and enjoined from, directly or indirectly: destroying,

19 mutilating, concealing, transferring, altering, or otherwise disposing of, in any

20 manner, any documents, which includes all books, records, computer programs,

21 computer files, computer printouts, contracts, emails, correspondence, memoranda,

22 brochures, or any other documents of any kind in their possession, custody or control,

23 however created, produced, or stored (manually, mechanically, electronically, or

24 otherwise), pertaining in any manner to Defendants King or Elevate or Relief

25 Defendant S. King.

**IX.**

27     IT IS FURTHER ORDERED that Jeff Brandlin is appointed as permanent

28 receiver of Defendant Elevate and its subsidiaries and affiliates, with full powers of

an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of Defendant Elevate, and that such receiver is immediately authorized, empowered and directed:

A. to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, pledged as collateral, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, wherever located, of or managed by Defendant Elevate and its subsidiaries and affiliates (collectively, the "Assets"), with full power to sue, foreclose, marshal, collect, receive, and take into possession all such Assets (including access to and taking custody, control, and possession of all such Assets);

B. to assume full control of Defendant Elevate and its subsidiaries and affiliates by removing, as the receiver deems necessary or advisable, any director, officer, attorney, independent contractor, employee, or agent of Defendant Elevate and its subsidiaries and affiliates, and any named Defendant or Relief Defendant, from control of, management of, or participation in, the affairs of Defendant Elevate and its subsidiaries and affiliates;

C. to have control of, and to be added as the sole authorized signatory for, all accounts of the entities in receivership, including all accounts at any bank, title company, escrow agent, financial institution or brokerage firm (including any futures commission merchant) which has possession, custody or control of any Assets, or which maintains accounts over which Defendant Elevate and its subsidiaries and affiliates, and/or any of its employees or agents have signatory authority;

D.   to conduct such investigation and discovery as may be necessary to locate and account for all of the assets of or managed by Defendant Elevate and its subsidiaries and affiliates, and to engage and employ attorneys, accountants and other persons to assist in such investigation and discovery;

E.   to take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any Assets;

F.   to choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

G.   to make an accounting, as soon as practicable, to this Court and the SEC of the assets and financial condition of Defendant Elevate and its subsidiaries and affiliates, and to file the accounting with the Court and deliver copies thereof to all parties;

H.   to make such payments and disbursements from the Assets taken into custody, control, and possession or thereafter received by him or her, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as permanent receiver;

I.   to investigate and, where appropriate, to institute, pursue, and prosecute all claims and causes of action of whatever kind and nature that may now or hereafter exist as a result of the activities of present or past employees or agents of Defendant Elevate and its subsidiaries and affiliates;

J.   to institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts, which

1            (i) the receiver deems necessary and advisable to preserve or recover any

2            Assets, or (ii) the receiver deems necessary and advisable to carry out

3            the receiver's mandate under this Order; and

4    K.    to have access to and monitor all mail, electronic mail, and video phone

5            of the entities in receivership in order to review such mail, electronic

6            mail, and video phone which he or she deems relates to their business

7            and the discharging of his or her duties as permanent receiver.

8    **X.**

9        IT IS FURTHER ORDERED that Defendants King and Elevate, and their

10   subsidiaries and affiliates, including all of the other entities in receivership, and their

11   officers, agents, servants, employees and attorneys, and any other persons who are in

12   custody, possession or control of any assets, collateral, books, records, papers or

13   other property of or managed by any of the entities in receivership, shall forthwith

14   give access to and control of such property to the permanent receiver.

15   **XI.**

16       IT IS FURTHER ORDERED that no officer, agent, servant, employee or

17   attorney of Defendants King and Elevate shall take any action or purport to take any

18   action, in the name of or on behalf of Defendant Elevate or its subsidiaries or

19   affiliates without the written consent of the permanent receiver or order of this Court.

20   **XII.**

21       IT IS FURTHER ORDERED that, except by leave of this Court, during the

22   pendency of this receivership, all clients, investors, trust beneficiaries, note holders,

23   creditors, claimants, lessors and all other persons or entities seeking relief of any

24   kind, in law or in equity, from Defendant Elevate, or its subsidiaries or affiliates, and

25   all persons acting on behalf of any such investor, trust beneficiary, note holder,

26   creditor, claimant, lessor, consultant group or other person, including sheriffs,

27   marshals, servants, agents, employees and attorneys, are hereby restrained and

28   enjoined from, directly or indirectly, with respect to these persons and entities:

A.   commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the SEC or any other action by the government) against any of them;

B.   using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of Defendant Elevate; and

C.   doing any act or thing whatsoever to interfere with taking control, possession or management by the permanent receiver appointed hereunder of the property and assets owned, controlled or managed by or in the possession of Defendant Elevate, or in any way to interfere with or harass the permanent receiver or his or her attorneys, accountants, employees, or agents or to interfere in any manner with the discharge of the permanent receiver's duties and responsibilities hereunder.

## XIII.

IT IS FURTHER ORDERED that Defendants King and Elevate, and their subsidiaries, affiliates, officers, agents, servants, employees and attorneys, shall cooperate with and assist the permanent receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the permanent receiver or his or her attorneys, accountants, employees or agents, in the conduct of the permanent receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the permanent receiver of the funds, assets, collateral, premises, and choses in action described above.

## XIV.

IT IS FURTHER ORDERED that Defendants King and Elevate and their subsidiaries and affiliates, shall pay the costs, fees and expenses of the permanent

1  receiver incurred in connection with the performance of his or her duties described in

2  this Order, including the costs and expenses of those persons who may be engaged or

3  employed by the permanent receiver to assist him or her in carrying out his or her

4  duties and obligations.  All applications for costs, fees, and expenses for services

5  rendered in connection with the receivership other than routine and necessary

6  business expenses in conducting the receivership, such as salaries, rent, and any and

7  all other reasonable operating expenses, shall be made by application setting forth in

8  reasonable detail the nature of the services and shall be heard by the Court.

9  **XV.**

10       IT IS FURTHER ORDERED that no bond shall be required in connection with

11  the appointment of the permanent receiver.  Except for an act of gross negligence, the

12  permanent receiver shall not be liable for any loss or damage incurred by any of the

13  defendants, their officers, agents, servants, employees and attorneys or any other

14  person, by reason of any act performed or omitted to be performed by the permanent

15  receiver in connection with the discharge of his or her duties and responsibilities.

16  **XVI.**

17       IT IS FURTHER ORDERED that representatives of the SEC and any other

18  government agency are authorized to have continuing access to inspect or copy any

19  or all of the corporate books and records and other documents of Defendant Elevate

20  and its subsidiaries and affiliates, and the other entities in receivership, and

21  continuing access to inspect their funds, property, assets and collateral, wherever

22  located.

23  **XVII.**

24       IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this

25  action for the purpose of implementing and carrying out the terms of all orders and

26

27

28

1  decrees which may be entered herein and to entertain any suitable application or

2  motion for additional relief within the jurisdiction of this Court.

3

4       IT IS SO ORDERED.

5

6  Dated: January 19, 2021

        _____
7                                         UNITED STATES DISTRICT JUDGE
                                          HONONORABLE JAMES V. SELNA
8

9  Presented by:
   Lynn M. Dean
   Kathryn Wanner
10 Attorneys for Plaintiff
   Securities and Exchange Commission
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28