UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-2398 JVS (DFMx) | Date | July 27, 2022 |
| Title | Securities and Exchange Commission v. Justin Robert King et al | | |

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Receivership Estate**

Jeffrey E. Brandlin, in his capacity as the Court-appointed receiver (the "Receiver") over Elevate Investments, LLC, and its subsidiaries and affiliates (collectively, "Elevate") filed a motion requesting an order clarifying whether the funds and assets held in four accounts (collectively, the "Accounts") are included within the scope of the receivership estate. Dkt. 84; see Mot. at 85. The motion is unopposed.

For the following reasons, the Court **GRANTS** the motion. The Court finds that the Accounts are property of the receivership estate and **ORDERS** Charles Schwab & Co. and JP Morgan Chase to liquidate the Accounts and remit the funds on hand to the Receiver upon his request. The Court **VACATES** the hearing scheduled for August 1, 2022.

**I. BACKGROUND**

This motion originates from an SEC enforcement action against Justin Robert King ("Justin King"). The SEC alleged that Justin King and Elevate were conducting a fraud in violation of federal securities laws. See Compl., Dkt. 1. The SEC action named Justin King and Elevate as defendants and Shannon King, Justin King's wife, as a relief defendant. Id. ¶¶ 8–10. On December 28, 2020, the Court issued a temporary restraining order that froze certain assets and appointed the Receiver in a temporary capacity. See Dkt. 12. On January 19, 2021, the Court issued a preliminary injunction and appointed Brandlin as a permanent Receiver. See Dkt. 26.

The Receiver now seeks an Order that explicitly brings the following four Accounts into the receivership estate:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-2398 JVS (DFMx)                    Date   July 27, 2022

Title   Securities and Exchange Commission v. Justin Robert King et al

| Brokerage/Bank Name | Account Name | Account No. |
|---|---|---|
| Charles Schwab & Co. | Justin Robert King (the "Justin King Schwab Account") | xxxx-5708 |
| Charles Schwab & Co. | Shannon King (the "Shannon King Schwab Account") | xxxx-4019 |
| JPMorgan Chase Bank | Arizona Investment Kings (the "Arizona Investment Kings Account") | xxxx3592 |
| JPMorgan Chase Bank | Area Auto Glass LLC (the "Area Auto Glass Chase Account") | xxxx8687 |

All four accounts were previously frozen by the Court's preliminary injunction order. See Dkt. 26 at 5. On April 27, 2021, the Court denied a request from the Kings to remove the asset freeze on the Shannon King Schwab Account. See Dkt. 62 at 3.

## II. LEGAL STANDARD

"The power of a district court to impose a receivership . . . derives from the inherent power of a court of equity to fashion effective relief." SEC v. Wencke, 622 F.2d 1363, 1369 (9th Cir. 1980). "[A] district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad." SEC v. Hardy, 803 F.2d 1034, 1037 (9th Cir. 1986). "[A] primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors." Id. at 1038. District courts have the jurisdictional authority to rely on summary proceedings to determine appropriate relief in equity receiverships because avoiding formalities "promotes judicial efficiency and reduces litigation costs to the receivership." Id. at 1040 (quoting SEC v. Wencke, 783 F.2d 829, 837 n.9 (9th Cir. 1986)).

## III. DISCUSSION

In support of this request, the Receiver presents forensic accounting analysis showing that the funds and assets in the Accounts are traceable to investor funds, Elevate, and/or commingled funds. Brandlin Decl., Dkt. 85, ¶¶ 3–5. The Arizona Investment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-2398 JVS (DFMx)                             Date  July 27, 2022

Title     Securities and Exchange Commission v. Justin Robert King et al

Kings Account directly received investor funds but did not make any distributions of investor funds.  Id. ¶¶ 13–15.  The Justin King Schwab Account received net transfers of investor funds and Elevate funds.  Id. ¶¶ 6–8.  The Shannon King Schwab Account received funds from the Kings' Chase Account, which included commingled funds from investors, Justin King, and the alleged proceeds of a real property sale.  Id. ¶¶ 10–11.  The Area Auto Glass Account received funds from investors, Elevate, and the Arizona Investment Kings Account.  Id. ¶¶ 16–20.  At this stage, the assets in the Justin King Schwab Account, the Shannon King Schwab Account, and the Area Auto Glass Account are commingled and it is not feasible to trace them to any particular source.  Id. ¶¶ 9, 12, 21.

The Court previously granted the Receiver "full power over all funds, assets, . . . and other property belonging to, being managed by or in the possession of or control of Defendant Elevate."  Dkt. 26 at 6–7.  "Money is fungible, and when funds obtained from unlawful activity have been combined with funds from lawful activity into a single asset, the illicitly-acquired funds and the legitimately-acquired funds . . . cannot be distinguished from each other."  United States v. Moore, 27 F.3d 969, 976–77 (4th Cir. 1994); see United States v. Garcia, 37 F.3d 1359, 1365 (9th Cir. 1994) ("[U]nder the money laundering statutes, due to the fungibility of money, it is sufficient to prove that the funds in question came from an account in which tainted proceeds were commingled with other funds.").  Thus, in the context of an equity receivership, "any commingling is enough to warrant treating all the funds as tainted."  SEC v. Sunwest Mgmt., Inc., 2009 WL 3245879, at *9 (D. Or. Oct. 2, 2009).  The Receiver's forensic accounting analysis establishes that all of the Accounts contain investor funds, Elevate funds, or commingled funds.  Defendants do not present any evidence to the contrary.  Accordingly, the Court holds that the Accounts are part of the receivership estate.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion in full.  The Court finds that the Accounts are property of the receivership estate and **ORDERS** Charles Schwab & Co. and JP Morgan Chase to liquidate the Accounts and remit the funds on hand to the Receiver upon his request.  The Court **VACATES** the hearing scheduled for August 1, 2022.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-2398 JVS (DFMx) | Date | July 27, 2022 |
| Title | Securities and Exchange Commission v. Justin Robert King et al | | |

                                                                                                                               :     0

Initials of Preparer     lmb